**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Criminal Case No.  03-cr-00519-LTB

UNITED STATES OF AMERICA,
        Plaintiff,

v.

3.     LETICIA GONZALEZ,
        Defendant.
_____

**ORDER**
_____

On December 2, 2005, Defendant, represented by Bruce Brown, a member of the Criminal Justice Act Panel, appeared before the Court upon the Petition to Revoke Probation. At the hearing, the Defendant admitted to the charged violations numbered 1, 3, and 6. Upon those admissions, the Court revoked Defendant's probation and sentenced Defendant to a term of imprisonment of nine (9) months, the high end of the range of sentence advised by the policy statements of the advisory guidelines.

This case is now before me upon a letter docketed December 14, 2005, in which Defendant requests the Court to reconsider the sentence and to allow her to have competent and honest representation. I take the letter as a motion for resentencing based upon incompetent representation.

Defendant complains that her attorney told her that out of the nine months she was sentenced, she would serve six and one-half months and that she was told this before she entered her admissions. Later, she states, her attorney contacted her grandmother and

told her grandmother that Defendant was to serve the entire nine months without good time.

I have reviewed the transcript of the probation violation hearing. At that hearing the Court quiried Defendant after she was duly sworn and under oath. The transcript reflects that Defendant was fully advised of the nature of the probation violations charged, the possible penalties and consequences of admitting to violations numbered 1, 3, and 6, and the rights to which she was entitled in the proceeding. Specifically, Defendant, under oath, stated to the Court that her court appointed attorney had been available to give her advice at reasonable times, was clear and understandable in his advice to her, fully reviewed and explained to her all of the charged violations including Nos. 1, 3, and 6, reviewed the petition to revoke and attachment with her, fully reviewed and explained to her all of the possible penalties and consequences of entering her admissions, and explained to her the rights that she was entitled to in the proceeding that would be lost upon the entry of the admissions. Defendant stated, under oath, that she was satisfied with her attorney's services and had no complaints at all about that.

In reviewing the possible penalties and consequences of her admissions, the Court advised her of the sentencing guidelines policy statements suggesting a range of sentence of between 3 and 9 months upon revocation of probation. She stated that she understood that. Defendant stated under oath that she was entering her admissions freely and voluntarily with no threats or promises other than the withdrawal of charged violations 2, 4, 5, and 7. Under oath, Defendant stated that she understood that the sentencing decision was that of the Court alone. In answer to the Court's question "Has anyone promised you what sentence or disposition you will have here, " she answered under oath

"No." The Court accepted the admissions to charged violations 1, 3, and 6, and found and concluded that the admissions were entered knowingly, intelligently, and voluntarily, fully understanding the violations admitted to, the possible penalties and consequences of the admissions, and the rights lost as a result.

In the Court's sentence, the Court recommended that the Bureau of Prisons credit Defendant with 28 days spent in official detention before sentencing.

I find and conclude that Defendant's answers and statements under oath bely her contention that she did not have adequate and competent counsel.  Furthermore, credit for time served is within the exclusive control of the Federal Bureau of Prisons.  I discern no reason to reconsider her sentence, it being determined upon reason in light of 18 U.S.C. § 3553(a).

Accordingly,

IT IS ORDERED that Defendant's motion is DENIED.

BY THE COURT:

  s/Lewis T, Babcock
LEWIS T. BABCOCK, Chief Judge

DATED: December 15, 2005